UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:14-cv-62277-WPD

GEORGETOWN TRADING CO., LLC, *et al.*,  :
                                        :
    Plaintiffs,                         :
                                        :
v.                                      :
                                        :
VENTURI SPIRITS, LLC, *et al.*,         :
                                        :
    Defendants                          :

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANTS**

Plaintiffs, Georgetown Trading Company, LLC ("GTC") and Undisputed International LLC ("UI"), by counsel, and pursuant to Local Rule 26.1(i) and Rule 37 of the Federal Rules of Civil Procedure, hereby submit this Motion to Compel Discovery from Defendants.

**BACKGROUND**

On February 25, 2015, plaintiffs served written discovery on defendants. On March 30, 2015, defendants provided their responses.[1] Defendants produced only five (5) pages of responsive documents[2] (*see Exhibit 2),* and the interrogatory answers were executed by only one (1) defendant (*see Exhibit 1)* on behalf of all corporate and individual defendants. Additionally, some of defendants' responses were false, directly contradicting the evidence in this case. On April 28, 2015, plaintiffs' counsel wrote defendants' counsel (Exhibit 3), advising that the

---

[1] Defendants provided Defendants' Response to Plaintiff's [*sic*] First Set of Interrogatories ("Interrogatory Responses") (Exhibit 1), Defendants' Response to Plaintiff's [*sic*] Request for Production ("Document Request Responses") (Exhibit 2), and Defendants' Responses to Plaintiff's [*sic*] First Request for Admissions ("Admission Responses").

[2] In contrast, plaintiffs have produced nearly 700 pages of responsive documents to defendants.

discovery responses contained significant insufficiencies. On May 18, 2015, the parties' counsel held a telephonic meet-and-confer. Defense counsel advised that defendants' discovery responses would not be supplemented or amended, and no additional responsive documents would be produced. Unable to reach a resolution on any matter, plaintiffs must now move for this Court to compel defendants to produce discovery as requested below. This Motion is being filed within thirty (30) days of the occurrence of the grounds for the Motion, specifically defense counsel advising there would be no supplementation as to defendants' discovery responses.

## ARGUMENT

Defendants have refused to provide answers to Interrogatories Nos. 3, 4, 6, 7, 8, 10, 11, 16, 17, and 19. Likewise, defendants have refused to produce documents responsive to plaintiffs' Document Requests Nos. 1, 7-11, 13, 22, 27, and 44. These refusals are predicated on the bases that: 1) defendants' conduct occurs outside of the United States and therefore discovery concerning this conduct falls outside the scope of a United States federal lawsuit; and 2) that this discovery requires disclosure of trade secrets and confidential business information. These objections are without merit.

**A.      Defendants' "overseas" conduct is regulated by the Lanham Act.**

Fifty years ago, the Supreme Court held that the Lanham Act can be applied to extraterritorial trademark infringement. *See Steele v Bulova Watch Co.*, 344 U.S. 280, 286 (1952). "'Commerce' is defined as 'all commerce which may lawfully be regulated by Congress." *Id.* at 284. As the defendant's actions in *Bulova* were not solely confined within the territorial limits of a foreign nation, they were subject to the laws of the United States. *See id.* at 286.

More recently, the Eleventh Circuit upheld liability for extraterritorial trademark

infringement on similar grounds. *See Levi Strauss & Co. v. Sunrise Intern. Trading Inc.*, 51 F.3d 982 (11th Cir. 1995). In *Levi*, both plaintiff and defendant were U.S. corporations; the counterfeit articles were shipped through the United States on their way abroad; and the sales and logistics surrounding the infringing sales were coordinated through the defendants' offices in the United States, all of which were activities occurring "in commerce." *See id.* at 985.[3] The Eleventh Circuit upheld the district court's preliminary injunction preventing any further trademark infringement by defendants, including the surrender of all infringing materials. *See id.* at 986.

Here, as in *Levi*, both plaintiffs and defendants are U.S. corporations or individuals. Defendants' OLD PEPPER bourbon is labeled as "Made in the USA" and sold as a "Kentucky Bourbon," (*See Exhibit 4: Declaration of Brian Auerbach, and attached photographs*) which, if defendants are complying with federal regulations, requires the bourbon to be made in Kentucky. *See 27 C.F.R. §5.22(k)* ("Geographical names for distinctive types of distilled spirits… shall not be applied to distilled spirits produced in any other place than the particular region indicated by the name…."). Thus, defendants' actions at issue here are fully within the ambit of the Lanham Act, and discovery is proper.

**B.     The evidence shows that defendants' discovery responses are false—defendants have in fact advertised their infringing product in the United States (even after the Complaint was filed).**

Even if the Act did not apply, defendants have refused to respond by asserting, in their answer to Interrogatory No. 4, that all conduct is occurring overseas (*see Exhibit 1*) but provide

---

[3]     *See also American Rice, Inc. v. Arkansas Rice Growers Co-op. Ass'n*, 701 F.2d 408, 415-416 (5th Cir. 1983) ("Each of [defendant]'s activities, from the processing and packaging of the rice to the transportation and distribution of it, are activities within commerce."); and *Scotch Whiskey Ass'n v. Barton Distilling Co.*, 489 F.2d 809, 812 (7th Cir. 1973) ("[T]he 'commerce' involved began with defendant's acts in the United States [bottling and labeling] and continued to the ultimate distribution of the whiskey [abroad].").

no supporting information that would confirm this assertion.  What little response the defendants have provided is belied by their own labeling and marketing materials.  *See Exhibit 4.*  Furthermore, plaintiffs have evidence that defendants have exhibited and advertised their infringing brand in the United States as recently as March 2015, after plaintiffs brought suit.  *See Exhibit 5:  Declaration of Geoffrey M. Bohn, and attached documents.*[4]  Given that defendants' (single) sworn answers state that all conduct is occurring overseas, the contradiction must be explained in detail.  At the very least, defendants should not be allowed to assert jurisdictional immunity without providing any evidence demonstrating the basis for such immunity.

**C.    As a Joint Stipulated Protective Order [DE 38] has been entered by this Court, defendants' confidentiality argument against production is moot and must be rejected.**

Defendants' argument against document production due to a confidentiality concern is spurious, as a Joint Stipulated Protective Order ("Protective Order") has already been approved and entered by this Court.  The Protective Order contains provisions whereby counsel may limit the distribution of information by the addition of a "Confidential" or "Attorneys' Eyes Only" designation.  [*See* DE 38].  Therefore, defendants' objection is meritless and this Court should compel the production of any answers or documents being withheld for this reason.

## CONCLUSION

Defendants' blanket refusals to provide responsive and honest answers and documents to plaintiffs' discovery requests are impermissible given controlling case law.  Defendants' discovery responses are also contradicted by the evidence obtained from plaintiffs' investigations.  Moreover, the previous entry of the Protective Order should render defendants'

---

[4]   The evidence also provides that defendants advertised and exhibited their infringing brand in the United States in 2014.  *See Exhibit 5.*  In their answer to Interrogatory No. 10, defendants specifically asserted they did not "advertise, market and/or promote [their infringing brand] within the United States."  *See Exhibit 1, pp. 3-4.*

4

confidentiality concerns moot.

Given these above good and valid reasons, plaintiffs respectfully request the Court enter the proposed Order appended hereto, compelling defendants to fully and honestly answer without objection plaintiffs' Interrogatories Nos. 3, 4, 6, 7, 8, 10, 11, 16, 17, and 19, and to provide responsive documentation without objection as to plaintiffs' Document Requests Nos. 1, 7-11, 13, 22, 27, and 44.  The plaintiffs also request that the Court award them fees in having to file this motion, and award them any other such relief as is deemed proper.

        GEORGETOWN TRADING CO., LLC
        UNDISPUTED INTERNATIONAL LLC


        s/ Geoffrey M. Bohn_____
        GEOFFREY M. BOHN, FL Bar No. 38724
        Email: bohn_kouretas_plc@yahoo.com
        BOHN & KOURETAS, PLC
        P.O. Box 101685
        Arlington, VA 22210
        Tel:    (703) 599-7076
        Fax:   (703) 842-8089

        SHAWN R. FARMER
        Email:  sfarmer@patentstrademarks.com
        MUSKIN & FARMER, LLC
        100 West Main Street
        Suite 205
        Lansdale, PA 19446
        Tel:    (215) 853-8259
        Fax:   (775) 371-5483

        Attorneys for Plaintiffs

## CERTIFICATE OF GOOD FAITH EFFORT TO RESOLVE DISPUTE

I HEREBY CERTIFY that on May 18, 2015, I conferred with defendants' counsel concerning the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

s/ Geoffrey M. Bohn_____<br>
Geoffrey M. Bohn

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of May, 2015, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Kraig S. Weiss, Esq.
SILVERBERG & WEISS, P.A.
1290 Weston Road, Suite 218
Weston, Florida 33326
Notices@pkslegal.com

s/ Geoffrey M. Bohn_____<br>
Geoffrey M. Bohn