UNITED STATES DISTRICT
COURT SOUTHERN
DISTRICT OF FLORIDA

Case No. 14-cv-62277-WPW

GEORGETOWN TRADING CO., LLC
and UNDISPUTED INTERNATIONAL LLC,

Plaintiffs,

v.

VENTURI SPIRITS, LLC, et al.

Defendants
_____/

## DEFEDANT'S RESPONSE TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

Defendants, BOB SYNER, SCOTT PUGH, AND FLORIAN M. PASSERA ("Individual Defendants" or "Defendants" as used herein) and Defendants, VENTURI SPIRITS, LLC, VENTURI BRANDS, LLC, AND SPECIALTY BRANDS SPIRITS AND WINES, INC. ("Corporate Defendants" or "Defendants" as used herein), by and through the undersigned counsel and pursuant to Federal Rules of Civil Procedure 33, hereby responds to Plaintiff, Georgetown Trading Co., LLC's ("Plaintiff") First Set of Interrogatories, as follows:

### GENERAL RESPONSES AND OBJECTIONS

Some or all of the information sought in these interrogatories are protected by the attorney/client privilege and the privilege created by the attorney/work-product doctrine. Defendants reserve the right to supplement the responses provided herein. Without waiving this objection, Defendants state:

1. Identify all persons who have provided information used to answer these interrogatories.

**ANSWER:**
Scott Pugh
Florian Passera
Bob Syner

1

**EXHIBIT 1**

2. Identify all of defendants' websites or web pages incorporating Defendants' Mark, all of defendants' websites or web pages referencing Defendants' Mark, and identify the number of hits each of defendants' websites or web pages has received from consumers.

**ANSWER:**
Websites incorporating and or referencing Defendant's Mark: www.old-pepper.com; www.oldpepperbourbon.com; www.specialtybrands.net.
The number of hits is unknown to Defendants as Defendants do not collect data from these websites.

3. Identify each product that defendants are marketing, manufacturing, distributing, exporting, or selling, or intending to market, manufacture, distribute, export, or sell, that incorporates Defendants' Mark.

**ANSWER:**
Old Pepper Kentucky Bourbon is sold internationally only.

4. Identify all physical locations where defendants manufacture, have manufactured, or intend to manufacture, sell, label, package or offer for sale its Products bearing Defendants' Mark or the term PEPPER, and further identify all manufacturers and distributors of the Products you sold or intend to sell under Defendants' Mark.

**ANSWER:**
Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets and confidential business information. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not manufacture, have no manufactured and do not intend to manufacture, sell, label, package or offer for sale its Products being Defendants' Mark or the term PEPPER within the United States. Defendants do not have nor do they intend to have manufacturers or distributors of Products sold under Defendants' Mark within the United States.

5. Identify the person(s) with the most knowledge concerning the identity of the Products that defendants are marketing, manufacturing, distributing, exporting, labeling, packaging or selling, or intending to market, manufacture, distribute, export, label, package or sell, that incorporate Defendants' Mark.

**ANSWER:** Florian Passera.

6. Identify the actual and intended channels of trade for each of the Products that bear or is intended to bear Defendants' Mark, including, but not limited to, actual or intended liquor store, restaurant, bar, apparel, or other retail or vendor locations.

**ANSWER:**
Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets. This Request for Production is irrelevant as it is out of the scope of the

EXHIBIT 1

instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not have actual or intended channels of trade for the Products that bear or are intended to bear Defendants' Mark, including actual or intended liquor store, restaurant, bar, apparel, or other retail or vendor locations within the United States.

7. Identify any actual or proposed licensing, settlement agreements, co-existence agreements, assignments, authorizations, consents or permissions related to Defendants' Mark in connection with any Products.

**ANSWER:**
Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not have any actual or proposed licensing, settlement agreements, co-existence agreements, assignments, authorizations, consents or permissions related to Defendants' Mark in connection with any Products within the United States.

8. Identify all persons with knowledge concerning the decision by defendants to select and adopt Defendants' Mark as a trademark used in connection with the Products that defendants market, manufacture, distribute, export, label, package or sell, or intend to market, manufacture, distribute, export, label, package or sell, including, but not limited to, attorneys employed or retained by defendants who opined on the availability of Defendants' Mark, and describe the role of each person in the decision.

**ANSWER:**
This question is confusing as to the extent that Defendants do not export. All Products are made and sold internationally only. To the extent that the Defendants understand the question, Florida Passera made the decision to select and adopt the Defendants' Mark as a trademark. Scott Pugh and Bob Syner had knowledge of Mr. Passera's decision.

9. State the origin, motives and/or reasons for defendants' selection, adoption and use of Defendants' Mark, describe the meaning or significance of Defendants' Mark, and identify the types of purchasers or end users of Products associated with Defendants' Mark.

**ANSWER:**
Defendants chose this Mark because of the Pepper family story and history of producing quality bourbon products. Defendants do not sell, manufacture, or produce any products associated with Defendants Mark within the United States. Defendant's main purchasers are located in European countries including France and Germany.

10. Identify all advertising, marketing, and promotional materials used to advertise, market, and/or promote the Products bearing Defendants' Mark, including, but not limited to, the dollar amounts expended, use on labels, product shelf talkers, websites, and elsewhere in any and all advertising, marketing, and/or promotional materials.

**ANSWER:**

EXHIBIT 1

Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not have any advertising, marketing or promotional materials used to advertise, market, and/or promote the Products being Defendants' Mark within the United States.

11. State the annual dollar sales of each of the Products, if any, incorporating Defendants' Mark since inception.

**ANSWER:**
Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not manufacture or sell Products incorporating Defendants' Mark within the United States, therefore Defendants do not have annual dollar sales of the Products incorporating Defendants' mark within the United States.

12. Describe how defendants' first became aware of plaintiffs and/or Plaintiffs' Marks, and identify all persons with knowledge concerning Plaintiffs' Marks, or the use of any or all of Plaintiffs' Marks by plaintiffs.

**ANSWER:**
As to Defendant Florian Passera, Mr. Passera researched names that were available to trademark that would correspond with the Pepper family story.
As to Defendant Scott Pugh, Mr. Pugh conducted research in the mid-2000's while working for a prominent Kentucky Bourbon producer where he became aware of the Pepper family story.
As to Defendant Bob Syner, Mr. Syner conducted research about the history of Bourbon and came across the Pepper family story.
To the best knowledge and belief of the Corporate Defendant, the Plaintiff misused the Pepper story, branding itself as a Kentucky family for an Indiana made product.

13. Describe instances, whether in person, in writing or by telephone, electronic mail or fax, in which any person or entity has inquired about or commented upon any association or relationship between defendants or the Products and plaintiffs or Plaintiffs' Marks.

**ANSWER:**
Defendant is not aware of any instances in which any person or entity has inquired about or commented upon any association or relationship between Defendants or the Products and Plaintiffs or Plaintiffs' Mark.

14. Identify each person or entity against which defendants have taken action to protect, enforce or defend their rights in Defendants' Mark, including, but not limited to, protest letters and responses thereto, and for each person or entity identified, describe the mark at issue, how and when action was taken by defendants against the entity or person in question, and the outcome and/or current status of the action taken.

4

**EXHIBIT 1**

**ANSWER:**
To the best of Defendants' knowledge and belief, none.

15. Identify all trademark searches which defendants conducted or have caused to be conducted involving Plaintiffs' Mark, and describe all market studies (including but not limited to surveys, polls and questionnaires) which defendants conducted or have caused to be conducted relating to Defendants' Mark.

**ANSWER:**
Objection to the extent that these answers, with regards to the trademark searches are covered by attorney-client privilege. With regards to market studies, to the best knowledge and belief, none.

16. Identify all of defendants' current, intended, or pending import or wholesale partner entities, defendants' current, intended, or pending sources for the acquisition of bulk whiskey and contract distilling regarding the Products, and the amount of bulk whiskey that defendants have purchased, intend to purchase, or have pending purchases for use in connection with the Products.

**ANSWER:**
Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not have any current, intended, or pending import or wholesale partner entities, within the United States. Defendants do not have any current, intending, or pending sources for the acquisition of bulk whiskey and contract distilling regarding the Products within the United States. Also, Defendants have not purchased, have no intent to purchase, and have no pending purchases of bulk whiskey within the United States for use in connection with the Products.

17. Identify all of defendants' existing or potential third party investors or partners for the Products or for any distillery project related to the Products.

**ANSWER:**
Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendant does not have any existing or potential third party investors or partners for the Products or for any distillery project related to the Products within the United States.

18. Identify any person who was a witness to any of the factual allegations of the First Amended Complaint, or any other person who has any personal knowledge of the facts and circumstances surrounding the factual allegations of the First Amended Complaint, setting forth in detail, the name, address, and telephone number of each such person, his/her relationship to you, and a concise summary of his/her personal knowledge of the facts and issues.

**ANSWER:**
Florian Passera, Scott Pugh and Bob Syner.

# EXHIBIT 1

C/O Silverberg & Weiss, P.A., 1290 Weston Road, Suite 218, Weston, FL, 33326. Phone number: 954-384-0998.

19.     Describe, with particularity, the process by which and locations where an order for a Product bearing Defendants' mark is fulfilled, including the sales intake, inventory acquisition method, if any, from any third-party distiller, bottler, or distributor, and final shipment of the Product to buyer.

**ANSWER:**
Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets and confidential business information. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not have a process by which an order for a Product bearing Defendants' mark is fulfilled within the United States.

# EXHIBIT 1

The attached Interrogatories have been answered by me and are true and correct to the best of my knowledge.

Dated at __Broward__ County, Florida, this __27__ day of __March__, __2015__

By: _____
Florian Passera

STATE OF FLORIDA )
COUNTY OF Broward

BEFORE ME, the undersigned authority, this day personally appeared Florian Passera, who is personally known to me or has produced _____ as identification and pursuant to F.S. §117.05(13)(A) who, after being first duly sworn, stated that he/she has answered all of the interrogatories fully and to the best of his/her knowledge, information and belief.

SWORN TO and subscribed before me this __27__ day of __March__, __2015__

PAUL K SILVERBERG
MY COMMISSION #FF046040
EXPIRES August 15, 2017
(407) 398-0153   FloridaNotaryService.com

By: _____
Notary Public
My Commission Expires:
Print Name: Paul K Silverberg
Notary Public, State of Florida

**EXHIBIT 1**

*Respectfully submitted,*

SILVERBERG & WEISS, P.A.
*Attorney for Defendants*
1290 Weston Road, Suite 218
Weston, Florida 33326
Primary e-mail: Notices@pkslegal.com
Tel: (954) 384-0998
Fax: (954) 384-5390

By: */s/ KRAIG S. WEISS*
Paul K. Silverberg, Esq.
Fla. Bar No. 147877
Kraig S. Weiss, Esq.
Fla. Bar No. 63193

## CERTIFICATE OF SERVICE

I certify that a true and correct copy hereof has been furnished via email to the attorney for Plaintiffs, Geoffrey M. Bohn, Esq., at bohn_kouretas_plc@yahoo.com and Shawn R. Farmer at sfarmer@patentstrademarrks.com this 30th day of March, 2015.

By: */s/ KRAIG S. WEISS*
Kraig S. Weiss

**EXHIBIT 1**