**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

GEORGETOWN TRADING CO., LLC and UNDISPUTED INTERNATIONAL LLC,

Plaintiffs,

**Case No. 14-cv-62277-WPW**

v.

VENTURI SPIRITS, LLC, et al.

Defendants

_______________________________________/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION**

Defendants, BOB SYNER, SCOTT PUGH, AND FLORIAN M. PASSERA ("Individual Defendants" or "Defendants" as used herein) and Defendants, VENTURI SPIRITS, LLC, VENTURI BRANDS, LLC, AND SPECIALTY BRANDS SPIRITS AND WINES, INC. ("Corporate Defendants" or "Defendants" as used herein), by and through undersigned counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, responds to Plaintiffs' Request for Production, dated February 27, 2015, as follows:

**GENERAL RESPONSES AND OBJECTIONS**

A. Defendants, VENTURI SPIRITS, LLC, et al., object to the Requests to the extent that it calls for the production of information that is protected from discovery by the attorney-client privilege, the privilege established by the work product doctrine, or any other privilege recognized by the Federal Rules of Civil Procedure. The inadvertent production of any privileged document pursuant to the Request does not constitute a waiver of any privilege.

B. By producing documents pursuant to any item of this Request, Defendants, VENTURI SPIRITS, LLC, et al., do not: (1) waive any objection which might otherwise be made to such documents; (2) admit that any such documents are admissible at trial; or (3) adopt the Plaintiffs' characterization of the subject matter of the documents requested.

C. Defendants, VENTURI SPIRITS, LLC, et al., will make reasonable efforts to respond to each item of the Request, to the extent no objection is made, as Defendants, VENTURI



EXHIBIT 2

SPIRITS, LLC, et al., understands and interprets the Request. If the Plaintiff subsequently asserts any interpretation of any item of the Request that differs from Defendants, VENTURI SPIRITS, LLC, et al., reserve the right to supplement its objections and responses.

D. Defendants, VENTURI SPIRITS, LLC, et al., reserve the right to supplement, amend or correct all or any part of the responses provided herein.

Without waiver of any of the foregoing objections, Defendants, VENTURI SPIRITS, LLC, et al., respond to the Request as follows:

**Responses to Specific Requests**

1. All documents that are, or should have been, identified in Defendants' Answers to Plaintiffs' First Set of Interrogatories.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

2. All documents comprising, referring or relating to each product that defendants are marketing, manufacturing, distributing, exporting, or selling, or intends to market, manufacture, distribute, export, or sell under Defendants' Mark.

**RESPONSE:** Please see attached responsive documents.

3. All advertisements, marketing, and promotional materials, labels, product shelf talkers, price lists, websites, catalogs, brochures, audiotapes, videotapes, CDs, CD-ROMs, DVDs or other sales material, used or intended to be used by defendants in connection with the Products that bear Defendants' Mark.

**RESPONSE:** Please see attached responsive documents.

4. All documents relating to defendants' websites or web pages identified in response to Plaintiffs' First Set of Interrogatories, Interrogatory No. 2 including, but not limited to, documents identifying the number of hits defendants' websites or web pages have received.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

5. All documents concerning defendants' intent to market, manufacture, distribute, export, or sell the Products under Defendants' Mark, and all related business and marketing plans.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

6. All documents concerning the decision by defendants to adopt Defendants' Mark as a trademark for use in connection with the Products that defendants market, manufacture,

distribute, export, or sell, or intend to market, manufacture, distribute, export, or sell, including, but not limited to, trademark searches, investigative reports and/or advice of counsel.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

7. All documents showing the date or dates when defendants first began using Defendants' Mark in commerce as a trademark for each Product.

**RESPONSE:** Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not use their Mark within the United States.

8. All documents sufficient to identify the annual dollar amounts expended by defendants, if any, on the advertising, marketing, and promotion of each of the Products bearing Defendants' Mark since inception.

**RESPONSE:** Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets and confidential business information. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants have not expended any money on advertising, marketing, and promotions for Products bearing Defendant's Mark within the United States since inception.

9. Specimens of all Products, and all packaging, labeling, product shelf talkers, point of sale materials or other displays used or intended to be used by defendants in connection with the Products that bear Defendants' Mark.

**RESPONSE:** Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets and confidential business information. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants have no products, packaging, labeling, product shelf talkers, point of sale materials or other displays that are used or are intended for use within the United States for Products that bear Defendants' Mark.

10. All documents sufficient to identify the annual dollar sales, if any, of each of the Products bearing Defendants' Mark, for each year in which such Products have been sold.

**RESPONSE:** Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets and confidential business information. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants have made no sales within the United States on Products bearing Defendants' Mark.



EXHIBIT 2

11. All documents sufficient to identify the actual or intended channels of trade for Products that bear Defendants' Mark, including, but not limited to, actual or intended liquor store, restaurant, bar, apparel, or other retail or vendor locations.

**RESPONSE:** Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets and confidential business information. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not have any actual or intended channels of trade for Products that bear Defendants' Mark within the United States. This includes actual or intended liquor stores, restaurants, bars, apparel, or other retail or vendor locations.

12. All documents sufficient to identify the actual and/or intended purchasers or end users of Products associated with Defendants' Mark in the United States.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

13. All documents sufficient to identify the actual or intended pricing of the Products associated with Defendants' Mark.

**RESPONSE:** Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not have documents identifying the actual or intended pricing of the Products associated with Defendants' Mark within the United States as Defendants do not sell Products associated with Defendant's Mark within the United States.

14. Copies of all settlement agreements, coexistence agreements, assignments, authorizations, consents or permissions entered into by or on behalf of defendants concerning Defendants' Mark.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

15. All documents sufficient to identify any actual or proposed licensing of Defendants' Mark in connection with any of the Products.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

16. All documents concerning plaintiffs, Plaintiffs' Marks, the use of any or all of Plaintiffs' Marks as trademarks by plaintiffs, or otherwise relating to defendants' knowledge of plaintiffs and/or the activities of plaintiffs under any or all of Plaintiffs' Marks.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

17. All documents concerning any instance, whether in person, in writing or by telephone, electronic mail or fax, in which any person or entity has inquired about or commented upon any association or relationship between defendants or the Products and any or all of Plaintiffs' Marks.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

18. All documents concerning any prior and/or current dealings such as license, sponsorship or other affiliation between defendants and plaintiffs.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

19. All documents concerning the meaning or significance Defendants' Mark.

**RESPONSE:** Please see attached responsive documents.

20. Copies of all surveys, studies or market research concerning: (a) Defendants' Mark or Products that bear or are intended to bear Defendants' Mark; and/or (b) any or all of Plaintiffs' Marks, and all documents or things concerning said surveys, studies or tests.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

21. All documents concerning: (a) any other legal proceeding involving Defendants' Mark; and (b) any action taken by or on behalf of defendants to protect, enforce or defend its rights in such designation, including, but not limited to, protest letters and responses thereto.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

22. All documents concerning the amount of bulk whiskey that defendants have purchased, intends to purchase, or has pending purchases for use in connection with the Products.

**RESPONSE:** Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants have not purchased, do not intend to purchase, and do not have any pending purchases of bulk whiskey for use in connection with the Products within the United States.

23. All documents concerning defendants' existing or potential third party investors or partners for the Products.



EXHIBIT 2

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

24. All documents concerning defendants' existing or potential third party investors or partners for any distillery projects related to the Products.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

25. All documents concerning or related to communications with Barry McNees.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

26. All documents concerning or related to communications for the Distillery District project in Lexington, Kentucky.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

27. Any and all federal and state income tax returns, including, but not limited to, supporting schedules, financial statements, income statements, balance sheets, cash flow statements and other attendant documentation, prepared or filed by you or someone acting on your behalf regarding the tax years 2009 through 2014, respectively.

**RESPONSE:** Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not have any federal or state income tax returns, supporting schedules, financial statements, income statements, balance sheets, cash flow statements, prepared or filed by Defendants regarding the tax years 2009 through 2014 which would contain any relevant, or lead to any relevant information as Defendants do not sell within the United States.

28. Any and all documents containing the names, addresses, and telephone numbers of witnesses to the factual allegations of the First Amended Complaint.

**RESPONSE:**
Florian Passera, Scott Pugh, and Bob Syner.
c/o Silverberg & Weiss, P.A., 1290 Weston Road, Suite 218, Weston, Florida 33326.
Any other fact witnesses have not yet been identified by Defendants.

29. Any and all documents containing statements by any witness, or by any person who has any personal knowledge, concerning the factual allegations of the First Amended Complaint.

**RESPONSE:**
Florian Passera, Scott Pugh, and Bob Syner.



EXHIBIT 2

Care of Silverberg & Weiss, P.A., 1290 Weston Road, Suite 218, Weston, Florida 33326. Any other fact witnesses have not yet been identified by Defendants.

30. Any and all documents containing any conversation or communication you or any person acting on your behalf had concerning the factual allegations of plaintiffs' First Amended Complaint with any witness, any person who has personal knowledge of the factual allegations of said Complaint, or any employee, representative, or person purportedly acting on plaintiffs' behalf.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

31. Any and all documents containing any statement or report you or any person acting on your behalf obtained concerning the factual allegations of the First Amended Complaint from any witness, any person who has personal knowledge of the factual allegations of said Complaint, or any employee, representative, or person purportedly acting on your behalf.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

32. A curriculum vitae for each expert witness with whom you or any person acting on your behalf has consulted, retained, or expect to call upon for expert testimony at the trial of this matter.

**RESPONSE:** Defendants have not yet identified any expert witnesses that will be called upon for expert testimony at the trial of this matter.

33. Any and all documents, including, but not limited to, drafts, handwritten notes, graphs, reports, drawings, estimates, summaries, written opinions, or communications sent to, received from, reviewed by, or prepared by any person you retained for the purpose of providing testimony as an expert witness in this case.

**RESPONSE:** Defendants have not yet identified any expert witnesses that will be called upon for expert testimony at the trial of this matter.

34. Any and all documents shown to, reviewed by, or relied upon by any expert witness with whom you or any person acting on your behalf has consulted, retained, or expect to call upon for expert testimony at the trial of this matter.

**RESPONSE:** Defendants have not yet identified any expert witnesses that will be called upon for expert testimony at the trial of this matter.

35. Any and all documents referenced, requested, described or encompassing information referenced in Plaintiffs' First Set of Interrogatories to Defendants and/or your Answers in response.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

36. Any and all documents you reviewed, relied upon, or that contain any information used to prepare your Answers to Plaintiffs' First Set of Interrogatories to Defendants.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

37. Any and all documents that refer or relate to any other lawsuit, or occurrence similar to the instant dispute, or involving intellectual property issues, including, but not limited to cybersquatting, with which you have been involved.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

38. Any and all documents sufficient to identify any other actual or threatened litigation involving any product you have sold or offered for sale.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

39. All documents and things concerning any allegations of trademark infringement, unfair competition, or cybersquatting made by or against you, including any cease and desist letters or other correspondence that did not result in actual litigation or formal proceedings.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

40. Any and all documents concerning any instance of which you have actual or hearsay knowledge, directly or indirectly, of any actual or purported association or confusion of any type between you and plaintiffs and/or any of their respective goods or services. For illustrative purposes only and without limiting the foregoing, such instances would include misdirected inquiries, or orders; misassumptions as to source of origin; expressions by any person indicating a possibility or likelihood of confusion, and complaints or comments as to association or confusion or from which association or confusion may be inferred.

**RESPONSE:** Defendants do not have in their possession, custody or control responsive documents to this request.

41. All documents and things given to any expert concerning any allegation or issue in this action.

**RESPONSE:** Defendants have not yet identified any expert witnesses that will be called upon for expert testimony at the trial of this matter.



EXHIBIT 2

42. Any and all documents sufficient to identify your officers, directors, owners, or managing agents, employed by you at the time you sold or offered for sale any Product related to Defendants' Mark.

**RESPONSE:** Please see attached responsive documents.

43. Any and all documents which you may seek to introduce or admit as evidence at trial or as an exhibit in a deposition.

**RESPONSE:** Defendants have not yet identified any documents which they may seek to introduce or admit as evidence at trial or as an exhibit in a deposition.

44. Any and all documents that identify your manufacturers and distributors of the Products you sold or intend to sell under the Defendants' Mark.

**RESPONSE:** Objection. This Request for Production is overbroad, irrelevant and requires unnecessary disclosure of trade secrets. This Request for Production is irrelevant as it is out of the scope of the instant lawsuit which alleges consumer confusion under the United States Federal Statutes. Defendants do not have any manufacturers or distributors of the Products sold or intended for sale under the Defendants' Mark within the United States.

*Respectfully submitted*,

SILVERBERG & WEISS, P.A.
*Attorney for Defendants*
1290 Weston Road, Suite 218
Weston, Florida 33326
Primary e-mail: Notices@pkslegal.com
Tel: (954) 384-0998/ Fax: (954) 384-5390

By:_*/s/ KRAIG S. WEISS*______
Paul K. Silverberg, Esq.
Fla. Bar No. 147877
Kraig S. Weiss, Esq.
Fla. Bar No. 63193

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy hereof has been furnished via email to the attorney for Plaintiffs, Geoffrey M. Bohn, Esq., at bohn_kouretas_plc@yahoo.com and Shawn R. Farmer at sfarmer@patentstrademarrks.com this 30th day of March, 2015.

By: _*/s/ KRAIG S. WEISS*___________
Kraig S. Weiss



EXHIBIT 2


Old pepper
1780
KENTUCKY STRAIGHT
- BOURBON WHISKEY -
The heritage of Old Pepper Bourbon harks back as early as 1780 to the legacy of the Pepper family of Kentucky. The Pepper dynasty is credited as being one of the founding families of bourbon and their roots are still linked to some of the most popular original distilleries still in operation today. The relocation of the original Pepper distillery to the "Distillery District" in Lexington KY made the Pepper operation one of the cornerstones of the modern day "Bourbon Trail", running between Lexington and Louisville. In addition, the Pepper family has been associated with the first production of "Sour Mash" and the introduction of the "The Old Fashioned" cocktail to New York City's elite. A history so inter-twined with the birth of Bourbon makes us proud to continue those traditions and produce an authen-tic experience for social drinkers and connoisseurs alike. The smooth finish and sublime tastes make Old Pepper Bourbon a true gem to be savored.
KENTUCKY STRAIGHT
BOURBON WHISKEY
1780

EXHIBIT 2




# POS MATERIAL




FRONT BACK
















EXHIBIT 2

VEN000002RFP

WHISKEY
STORY
TASTE
RECIPES
NEWS
LOCATE
CONTACT

# The heritage of Old Pepper Bourbon

harks back as early as 1780 to the legacy of the Pepper family of Kentucky. The Pepper dynasty is credited as being one of the founding families of bourbon and their roots are still linked to some of the most popular original distilleries still in operation today. The relocation of the original Pepper distillery to the "Distillery District" in Lexington KY made the Pepper operation one of the cornerstones of the modern day "Bourbon Trail", running between Lexington and Louisville.

In addition, the Pepper family has been associated with the first production of "Sour Mash" and the introduction of the "The Old Fashioned" cocktail to New York City's elite. A history so intertwined with the birth of Bourbon makes us proud to continue those traditions and produce an authentic experience for social drinkers and connoisseurs alike. The smooth finish and sublime tastes make Old Pepper Bourbon a true gem to be savored.





EXHIBIT 2

VEN000003RFP




# Detail by Entity Name

Florida Limited Liability Company

VENTURI SPIRITS, LLC

Filing Information

| | |
|---|---|
| **Document Number** | L12000081459 |
| **FEI/EIN Number** | 46-0528070 |
| **Date Filed** | 06/20/2012 |
| **State** | FL |
| **Status** | ACTIVE |

Principal Address

4581 WESTON ROAD
206
WESTON, FL 33331

Mailing Address

4581 WESTON ROAD
206
WESTON, FL 33331

Registered Agent Name & Address

JOEL FRIEND AND ASSOCIATES, INC.
2863 EXECUTIVE PARK DRIVE
105
WESTON, FL 33331

Authorized Person(s) Detail

**Name & Address**

Title MGR

PASSERA, FLORIAN
4581 WESTON ROAD, SUITE 206
WESTON, FL 33331

Annual Reports

| Report Year | Filed Date |
|---|---|
| 2013 | 04/29/2013 |
| 2014 | 04/23/2014 |

Document Images




# Detail by Entity Name

**Florida Limited Liability Company**

VENTURI BRANDS, LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L12000081456 |
| **FEI/EIN Number** | 45-5633503 |
| **Date Filed** | 06/20/2012 |
| **State** | FL |
| **Status** | ACTIVE |

**Principal Address**

4581 WESTON ROAD
206
WESTON, FL 33331

**Mailing Address**

4581 WESTON ROAD
206
WESTON, FL 33331

**Registered Agent Name & Address**

JOEL FRIEND AND ASSOCIATES, INC.
2863 EXECUTIVE PARK DRIVE
105
WESTON, FL 33331

**Authorized Person(s) Detail**

**Name & Address**

Title MGR

PASSERA, FLORIAN
4581 WESTON ROAD, SUITE 206
WESTON, FL 33331

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2013 | 04/29/2013 |
| 2014 | 04/23/2014 |

**Document Images**

EXHIBIT 2