**BOHN & KOURETAS, PLC**
Attorneys & Counselors at Law
2725 Washington Blvd. #2, Arlington, Virginia 22201
Mailing Address:  P.O. Box 101685
Arlington, Virginia 22210

———————
(703) 842-8089 (Fax)
Email:  bohn_kouretas_plc@yahoo.com
www.bohnkouretas.com

GEOFFREY M. BOHN (DC, FL, MD, VA)
DIMITRIS KOURETAS (DC, MD)
ROBERT A. BATTEY (DC, MD)

VIRGINIA
MARYLAND
WASHINGTON D.C.
FLORIDA

<u>By E-Mail Only</u>

April 8, 2015

Kraig S. Weiss, Esq.
SILVERBERG & WEISS, P.A.
1290 Weston Road, Suite 218
Weston, Florida 33326

    Re:    *Georgetown Trading Co., LLC, et al. v. Venturi Brands, LLC, et al.*
             U.S. District Court, S.D.Fla.
             Case No.    0:14-cv-62277-WPD

Mr. Weiss:

       With this letter, we attempt to confer in writing pursuant to Local Rule 7.1(a)(3) concerning pre-filing conferences of counsel.

       We write regarding deficiencies in both Answers and Affirmative Defenses to First Amended Complaint filed with the Court on March 23, 2015.  Included in both Answers were recitations of twelve (12) affirmative defenses, most asserted with little factual recitation or background information.  Moreover, several of the affirmative defenses are clearly invalid as a matter of law.  Under current case law, these defenses fall short of the required pleading standards, and we ask that the referenced Answers either be further amended to provide a factual basis for the defenses pleaded, or that the affirmative defenses be withdrawn.

       Judge Dimitrouleas made the standard clear in *Aidone v Nationwide Auto Guard LLC*, 295 F.R.D. 658, 661 (S.D.Fla. 2013), granting a motion to strike a majority of a defendant's affirmative defenses as being legally insufficient as a matter of law.  There, many of the affirmative defenses were pled with short factual recitations or paragraphs.  Even with these recitations, Judge Dimitrouleas found many of the affirmative defenses

---

| | |
|---|---|
| Geoffrey M. Bohn | (703) 599-7076 – Direct dial |
| Dimitris Kouretas | (202) 641-1418 – Direct dial |
| Robert A. Battey | (202) 491-4214 – Direct dial |

EXHIBIT 3

were not defenses at all, but merely denials, simple assertions without any basis in the law, or clearly invalid as matters of law. Thus, most of the affirmative defenses were struck. It is much the same with your pleadings here, even with the new amendments.

Concerning your second Affirmative Defense: The Lanham Act does not contain a statute of limitations, and the period for analogous state law claims is to be used as a touchstone for laches. (*See AmBrit Inc. v. Kraft Inc.*, 812 F.2d 1531, 1546 (11th Cir. 1986). In Florida, the applicable limitation period is four years. Plaintiffs' suit was initiated on October 3, 2014, well within four years of August 2012, as described in your defense. Thus, this defense is invalid as a matter of law and should be stricken.

Concerning your third Affirmative Defense: Contrary to your assertion, plaintiffs have no need to breach any corporate veil, as trademark liability attaches to both the corporation and its officers having executive control over its decision making. (*See Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994). As plaintiffs need not produce any elements of fraud, and as the Court has already ruled that the Individual Defendants are not to be dismissed from the current action due to their personal liability, this defense is invalid as a matter of law and should be stricken.

Concerning your fourth Affirmative Defense: It is wholly unclear what "Federal Antitrust" laws plaintiffs are violating with this action, as none have been mentioned in any of defendants' Answers. Not only does the defense lack any factual detail, plaintiffs are unaware of any authority indicating that antitrust legislation concerns this case at all. Therefore, under the *Aidone* standard, this defense is legally insufficient and should be stricken.

Concerning your fifth Affirmative Defense: The doctrine of unclean hands requires a showing that plaintiffs' wrongdoing is directly related to the claim against which it is asserted, and that defendants suffered a personal injury as a result of the conduct. (*See Aidone*). You have put forth no facts supporting either prong of this defense, and thus the defense is invalid as a matter of law and should be stricken.

Concerning your sixth Affirmative Defense: Contrary to defendants' assertions, plaintiffs have continuously asserted their rights since learning of defendants' conduct domestically and abroad. Plaintiffs have sent multiple cease-&-desist letters, successfully opposed defendants' attempt at federally registering their infringing mark, and successfully opposed defendants' attempt to falsely claim priority in their UK trademark application. Waiver requires an intent to relinquish a known right, while estoppel requires an active misrepresentation of facts relied upon by a defendant. (*See Buccellati Holding Italia SPA v. Laura Buccellati, LLC.,* 5 F.Supp.3d 1368, 1376 (S.D.Fla. 2014). Plaintiffs have made it clear from the outset that defendants' actions are illegal. This defense is invalid as a matter of law and should be stricken.

Concerning your seventh Affirmative Defense: This defense is incomprehensible. If by "necessary conditions precedent," defendants refer to plaintiffs' *prima facie* case of infringement, then this Affirmative Defense is in reality merely a denial or a veiled failure-to-state-a-claim argument, both of which are not affirmative defenses. (*See Aidone*). At the very least, the defense should point out which necessary condition has

2

EXHIBIT 3

not been met, otherwise defendants fail to give plaintiffs adequate notice.  This defense is invalid as a matter of law and should be stricken.

Concerning your eighth Affirmative Defense:  The First Amendment can, in certain circumstances, protect *artistic* works against claims of trademark infringement. (*See Univ. of Alabama Bd. of Trustees v. New Life Art, Inc.*, 683 F.3d 1266, 1278 (11th Cir. 2012).  However, defendants' labeling are not artistic works, and their use of a mark confusingly similar to plaintiffs' marks has no artistic relevance whatsoever.  Therefore, this defense is invalid as a matter of law and should be stricken.

Concerning your ninth Affirmative Defense:  Again defendants fail to give plaintiffs adequate notice as to what is meant by the "privilege of competition." Defendants fail to cite any legal authority or facts supporting this defense.  Moreover, defendants' assertion that the marks are dissimilar is a denial, not an affirmative defense, and should be stricken as such.  Thus, this defense is legally insufficient and should be stricken.

Concerning your tenth Affirmative Defense:  Good faith of the defendant may be considered when determining the measure of damages, but it.is not an affirmative defense to trademark infringement. (*See Caterpillar, Inc. v. Nationwide Equipment*, 877 F.Supp. 611, 614 (M.D.Fla. 1994).  Moreover, plaintiffs have informed defendants multiple times before the present suit that their actions were considered infringing.  Therefore, this defense is invalid as a matter of law and should be stricken.

Concerning your eleventh Affirmative Defense:  Again defendants fail to provide a single fact supporting this defense that would give plaintiffs notice as to how they failed to mitigate their damages due to Defendants' actions.  As described above, plaintiffs have opposed defendants' conduct at every turn.  This defense is legally insufficient and should be stricken.

Concerning your twelfth Affirmative Defense: The Southern District of Florida has repeatedly held that "reservation" affirmative defense language should be considered a nullity and stricken. (*See Denarii Systems, LLC. v. Arab*, No. 12–24239–CIV, 2013 WL 500826, at *9 (S.D.Fla. Feb. 11, 2013, citing *Merrill Lynch Business Financial Serv., Inc. v. Performance Machines Sys. U.S.A., Inc.*, No. 04-60861-CIVMARTINEZ, 2005 WL 975773, at *12 (S.D.Fla. Mar. 4, 2005).  This defense is invalid as a matter of law and should be stricken.

We therefore ask that you review the referenced Affirmative Defenses with your clients, and redraft those you still wish to include so as to provide adequate factual bases as required by the Court, and strike those with no basis.

Due to the time limitations imposed by the Federal Rules of Civil Procedure, please respond by close of business this Friday as to defendants' position concerning the request. If no response is received by then, we will consider that defendants have denied this request.  Thank you.

3

EXHIBIT 3

                Yours very truly,

                  */s/ Geoffrey M. Bohn*

                Geoffrey M. Bohn

cc: Counsel of Record
Letter3e

4

EXHIBIT 3